UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**THOMAS JAMES HUNTER**                                  CIVIL ACTION

**VERSUS**                                               NO:      23-6032

**JUDGE TRACEY FLEMINGS-**                               SECTION: "M" (4)
**DAVILLIER ET. AL**

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2), § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1)**.

### I.   Background

Plaintiff Thomas James Hunter is a convicted inmate housed in the Franklin Parish Detention Center in Winnsboro, Louisiana. R. Doc. 3. He alleges that Judge Tracey Flemings-Davillier in the Orleans Parish Criminal District Court sentenced him to serve twenty-five (25) years in prison with a multiple bill and active probation of five years. *Id*. According to Hunter, the sentence was suspended and he was placed on five years active probation through the drug court. *Id*. He alleges that the drug court was administered by Judge Kimya Holmes, District Attorney Leon Cannizzaro. *Id*. He also alleges that Assistant District Attorneys Bob White, Forrest Ladd, and Zachary Creel participated in the drug court. *Id*.

Hunter seeks to have his sentence overturned, along with damages of $25,000 from each defendant for each year beyond the three-year probation period allowed by law. *Id*.

### II.   Standard of Review

Title 28 U.S.C. §1915A and Title 42 U.S.C.§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are

1

frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on this grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint. Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are a clearly baseless category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hisnandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Having set forth the applicable standard, the Court must therefore determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995), *cert. denied*, 516 U.S. 851 (1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III. Analysis

#### A. Judicial Immunity

Hunter has sued Judge Flemings-Davillier and Judge Holmes, seeking monetary damages for sentencing him to serve twenty-five (25) years in prison and the administration of drug court, respectively. R. Doc. 3. However, Hunter does not specify in his Complaint whether he is suing Judge Flemings-Davillier and Judge Holmes in their individual or official capacity. *Id*.

When a §1983 plaintiff does not specify in the complaint whether the defendant is named

in their individual or official capacity, it is presumed by operation of law that the defendant is named in their official capacity. *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999), *cert. denied,* 530 U.S. 1262 (2000); *Wells v. Brow*n, 891 F.2d 591, 593 (6th Cir. 1989). The issue is therefore whether Judges Flemings-Davillier and Holmes are immune from suit in their official capacity for sentencing him to twenty-five years and administering the drug court, respectively. However, Hunter does not specify exactly what Judge Holmes did wrong in his Complaint.

Where a plaintiff seeks damages against a judge, the doctrine of absolute immunity should be considered as a threshold matter. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. *Boyd*, 31 F.3d at 284. It is a time-honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise her authority free from apprehension as to any personal consequences she may face. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991). Under this principle, absolute immunity is justified "by the long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson, Inc*., 508 U.S. 429, 435 (1993).

Consistent with these principles, allegations of bad faith or malice do not defeat judicial immunity. Rather, it is only overcome where a judge's actions are non-judicial or taken in the complete absence of all jurisdictions. *Mireles*, 502 U.S. at 11. Additionally, the scope of the judge's jurisdiction must be broadly construed. *Stump v. Sparkman*, 435 U.S. 349, 373 (1978). Regarding judicial and non-judicial actions, federal jurisprudence demonstrates that the factors determining whether a judge's act is judicial relate to the nature of the act itself (whether it is a function normally performed by a judge) and to the expectations of the parties (whether they dealt with the judge in his judicial capacity). *Stump*, 435 U.S. at 362.

Therefore, the proper inquiry regarding the judge's jurisdiction is whether the challenged action was obviously taken outside the scope of the judge's power. *Stump*, 435 U.S. at 356, 373. An action taken in aid of the judge's jurisdiction over a matter before him "cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13.

In the instant case, Judge Flemings-Davillier presided over Hunter's prior criminal proceeding and consequently sentenced him to serve a twenty five-year sentence. *Id*. This was clearly an action within her judicial capacity for which she is immune. Likewise Judge Holmes ran the drug court which is a function of a judge. *Id*.

Consequently, the Court finds that Judges Flemings-Davillier and Holmes are immune from suit in their official capacity arising from the claims asserted by Hunter. Therefore, Hunter's § 1983 claims against Judges Flemings-Davillier and Holmes are subject to dismissal.

**B.     District Attorney**

Hunter has named District Attorney Leon Cannizzaro and Assistant District Attorneys Zachary Creel and Forrest Lass. R. Doc. 3. Hunter also filed suit against Assistant District Attorney Bob White but does not assert any allegations against him. *Id*.

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff,* 275 U.S. 503 (1927). To determine whether an official is absolutely immune from suit, the proper focus is not on the identity of the party claiming the immunity, but on his or her "role in the context of the case." *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). In other words, immunity attaches to a particular official's functions, not to the particular office he or she holds. *Forrester v. White*, 484 U.S. 219, 229 (1988); *see O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). The traditional functions of a prosecutor also include the duty to decide which charges to bring and whether to pursue a conviction in court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Hunter's claims against District Attorney Cannizzaro and Assistant District Attorneys Creel, Lass, and White are intimately associated with the bringing of the charges and the criminal court process. R. Doc. 3. Presumably, Hunter challenges their prosecution of the charges. District Attorney Cannizzaro and Assistant District Attorneys Creel, Lass, and White are therefore clearly entitled to absolute immunity from suit for their roles in bringing and prosecuting the charges against Hunter. Consequently, Hunter's claims against District Attorney Cannizzaro and Assistant District Attorneys Creel, Lass, and White must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

C.   **Request that Conviction be Vacated**

As part of his relief, Hunter has requested that his conviction be overturned. R. Doc. 3. Such a request is within the ambit of a federal court's habeas corpus review. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). This § 1983 civil rights proceeding is not the appropriate means of pursuing that type of habeas corpus relief. *Muhammad*, 540 U.S. at 750. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hernandez v. Livingston*, 495 F. App'x 414, 417 (5th Cir. 2012); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir. 1986). Hunter should pursue any such habeas corpus relief in a properly filed state or federal proceeding if appropriate. Therefore, Hunter's

request that his conviction be overturned is frivolous since the requested relief cannot be granted in this § 1983 proceeding. 28 U.S.C. § 1915, § 1915A.

### D.        The *Heck* Doctrine

The very basis of Hunter's Complaint is a challenge to his conviction and the criminal prosecution against him. His claim therefore calls into question the validity of his current confinement. R. Doc. 3. Before a plaintiff can proceed on such a claim under § 1983, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement. 512 U.S. at 486-87. This limitation on a § 1983 plaintiff avoids collateral attacks for monetary damages related to convictions that are still outstanding. *Id*. at 484-85. Therefore, Hunter's § 1983 claims against the defendants must be dismissed because they necessarily impugn the validity of his current detention and conviction. *Id*. at 479. *See Arnold v. Town of Slaughter,* No. 03-30941, 2004 WL 1336637, at *3-4 (5th Cir. 2004); *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). As the Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

However, it is well settled in the Fifth Circuit that before application of the *Heck* doctrine the Court must address dismissal of improperly named and immune defendants. *See Busick v. City of Madison, Miss.*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that although a stay might

be appropriate to determine if *Heck* will bar a claim, the district court should consider if there are other grounds for dismissal); *see also Boyd*, 31 F.3d at 284 (immunity must be considered as a threshold matter prior to applying *Heck*). In this case, Hunter has named defendants who are otherwise immune from suit and against whom § 1983 liability will not stand. R. Doc. 3. Thus, the claims against the defendants must be dismissed as a threshold matter even without application of the *Heck* doctrine.

### IV. Recommendation

For the reasons assigned herein,

**IT IS RECOMMENDED THAT**, Thomas James Hunter's §1983 claims against Judge Tracey Flemings-Davillier and Judge Kimya Holmes be **DISMISSED WITH PREJUDICE**, as legally frivolous and for seeking monetary damages against a defendant who is immune from such relief, pursuant to Title 28 U.S.C.§1915(e)(2) and Title 42 U.S.C.§1997e(c)(1).

**IT IS FURTHER RECOMMENDED** that Thomas James Hunter's claims against District Attorney Leon Cannizzaro, and Assistant District Attorney Bob White, and Assistant District Attorneys Zachary Creel, Forrest Ladd be **DISMISSED WITH PREJUDICE,** as legally frivolous and for seeking monetary damages against a defendant who is immune from such relief, pursuant to Title 28 U.S.C.§1915(e)(2) and Title 42 U.S.C.§1997e(c)(1).

**IT IS FURTHER RECOMMENDED** that Thomas James Hunter's § 1983 claim for damages must be **DISMISSED WITH PREJUDICE**, because a cause of action under § 1983 for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate post-*Heck*, because the plaintiff's action has been shown to be legally frivolous"). *See also Stephenson v. Reno*, 28 F.3d

26 (5th Cir.1994).

**IT IS FURTHER RECOMMENDED** that Thomas James Hunter's request that his conviction be overturned be **DISMISSED WITHOUT PREJUDICE**, as legally frivolous and for seeking relief that cannot be granted in a § 1983 civil rights proceeding, pursuant to 28 U.S.C. § 1915, § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 8th day of April, 2024.

                        **KAREN WELLS ROBY**
                   **UNITED STATES MAGISTRATE JUDGE**